[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10117

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00131-CR-ORL-28JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

C. KEITH LAMONDA,
JESSE W. LAMONDA,
JOHN L. MAYNARD,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 28, 2010)

Before EDMONDSON, BARKETT and ROTH,* Circuit Judges.

_____

*Honorable Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

PER CURIAM:

Appellants Keith LaMonda, Jesse LaMonda, and John Maynard were convicted of defrauding and conspiring to defraud investors and life insurance companies. No reversible error has been shown, so we will affirm their convictions and sentences.

Because we write primarily for the parties, we assume their familiarity with the underlying facts. Defendants operated a company that sold viatical settlements, which are financial instruments created by the *inter vivos* conveyance of a life insurance death benefit. During the seven-month trial, the Government presented evidence that defendants (1) knowingly procured life insurance policies acquired by fraud for the purpose of selling viatical settlements, (2) lied to investors who purchased fraud-tainted viatical settlements, (3) secretly misappropriated investor funds for personal use, and (4) conspired to conceal taxable income from the sale of viatical settlements.

Defendants, asserting eleven issues for appeal, claim the District Court committed reversible error. We disagree. Federal Rule of Criminal Procedure 52(a) precludes conviction reversal based on "[a]ny error, defect, irregularity, or variance that does not affect substantial rights." "[R]eviewing courts must apply Rule 52(a)'s harmless-error analysis and must disregard errors that are harmless

beyond a reasonable doubt." *Neder v. United States*, 527 U.S. 1, 7 (1999) (internal quotations omitted). The harmless-error rule assures criminal defendants a fair trial, not a perfect one. *See, e.g.*, *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986).

During the course of every long trial, imperfections are bound to arise because exigencies of live litigation require instantaneous rulings on matters of which defendants complain (*e.g.*, admissibility of evidence, scope of cross-examination). Defendants, however, have not shown any error committed by the District Court, which handled this complex criminal matter admirably. The alleged trial imperfections, even had they amounted to error (and they do not), were harmless as to the outcome beyond a reasonable doubt.[1]

**AFFIRMED.**

---

[1] We have considered and rejected each argument raised by defendants on appeal. To ensure completeness of the record, those arguments and their proponents are as follows: (1) the District Court erred when it denied defendants' suppression motions (Keith LaMonda), (2) the District Court erred by restricting defense counsel from objecting during the Government's rebuttal closing argument (Keith LaMonda), (3) the District Court erred when it admitted testimony of Maynard's disbarment (Keith LaMonda), (4) the District Court erred by unfairly limiting defendants' cross-examination of Government witnesses and defendants' presentation of their case (Jesse LaMonda), (5) the evidence was insufficient to support Jesse LaMonda's conviction (Jesse LaMonda), (6) the Government unfairly criminalized conduct involving merely bad business judgment (Jesse LaMonda), (7) the District Court improperly admitted evidence of civil and regulatory violations (Jesse LaMonda), (8) the District Court erred in denying defense requests for jury instructions, (9) the evidence was insufficient to support Maynard's conviction on Count Thirteen (John Maynard), (10) the evidence was insufficient to support Maynard's conviction on Count Fourteen (John Maynard), and (11) Maynard's sentence was unreasonable because the District Court failed to account for sentencing disparities among co-defendants (John Maynard).